08-1470-pr
Bonilla v. Jaronczyk

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of December, two thousand nine.

PRESENT: REENA RAGGI,
PETER W. HALL,
*Circuit Judges.*
BRIAN M. COGAN,[*]
*District Judge.*

------------------------------------------------------------------
OFIDIO BONILLA, a/k/a Juan Calderon,
*Plaintiff-Appellant,*

v.                                                                No. 08-1470-pr

JOHN JARONCZYK, Corrections Officer, Shield #341;
FRANK CAMIDGE, Corrections Officer, Shield #2394;
JOSEPH RAZZANO, Corrections Officer, Shield #2298;
and BRIAN SULLIVAN, Corrections Officer, Shield #2103,
*Defendants-Appellees.*[**]
------------------------------------------------------------------

[*] District Judge Brian M. Cogan of the United States District Court for the Eastern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the caption to read as shown above.

APPEARING FOR APPELLANT:            MARK C. KUJAWSKI, Kujawski & Dellicarpini,
                                    Deer Park, New York.

FOR APPELLEES:                      Lorna B. Goodman, County Attorney of Nassau
                                    County, Gerald R. Podlesak, Deputy County
                                    Attorney of Nassau County, Mineola, New York.

Appeal from the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the March 3, 2008 judgment of the district court is AFFIRMED.

Plaintiff Ofidio Bonilla, a New York State prisoner, appeals from a final judgment entered after a jury verdict in favor of defendants on plaintiff's claim under 42 U.S.C. § 1983 of excessive force. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    The Proper Constitutional Standard

Bonilla submits that the district court erred in refusing to submit his excessive force claim to the jury under the Fourth, as well as the Eighth, Amendment. We review claims of legal error de novo, see Grace v. Corbis-Sygma, 487 F.3d 113, 118-19 (2d Cir. 2007), and we identify none here.

While claims of excessive force "in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment," Graham v. Connor, 490 U.S. 386, 395 (1989), post-conviction excessive force claims, such as Bonilla's, are properly considered under the Eighth Amendment, see id. n.10 ("After conviction, the Eighth Amendment 'serves as the primary source of substantive protection . . . in cases . . .

where the deliberate use of force is challenged as excessive and unjustified.'" (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986))); accord Brown v. Doe, 2 F.3d 1236, 1242 n.1 (2d Cir. 1993). We need not here decide whether there is some narrow class of post-conviction excessive force claims that may be subject to constitutional provisions other than the Eighth Amendment, as this case manifestly falls outside any such exception.[1] Bonilla's challenge to the district court's application of the Eighth Amendment is therefore without merit.

2.      Bifurcation of the *Monell* Claim

Bonilla also submits that the district court erred in precluding him from pursuing a claim under Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978). By ruling that it would assess Bonilla's right to proceed with a Monell claim if he succeeded on any of his claims against the individual defendants, the district court effectively bifurcated trial. Such bifurcation falls well within the court's discretion, see Fed. R. Civ. P. 42(b), because "litigation of the first issue might eliminate the need to litigate the second issue," Amato v. City of Saratoga Springs, N.Y., 170 F.3d 311, 316 (2d Cir. 1999).

A jury's conclusion that a plaintiff has suffered no constitutional violation at the hands of an individual defendant generally forecloses a Monell claim. See Matican v. City of New

---

[1] Bonilla relies on language in Richman v. Sheahan, 512 F.3d 876 (7th Cir. 2008), observing that where "it is uncertain whether the [forceful] act complained of is punishment," determining whether the Fourth or Eighth Amendment provides the applicable rule of decision depends on the ultimate resolution of the facts, id. at 883. There, it was unclear whether the defendant officers removed the decedent from a courtroom because of his refusal to leave or as punishment for his contempt of court. See id. The instant case, however, involves no such ambiguity.

3

York, 524 F.3d 151, 154 (2d Cir. 2008); Curley v. Vill. of Suffern, 268 F.3d 65, 70-71 (2d Cir. 2001); see also City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam). While there are limited exceptions to this rule where "the injuries complained of are not solely attributable to the actions of named individual defendants," Barrett v. Orange County Human Rights Comm'n, 194 F.3d 341, 350 (2d Cir. 1999), or where a jury concludes that the individual defendants violated plaintiff's rights but nonetheless enjoy qualified immunity, see Curley v. Vill. of Suffern, 268 F.3d at 71, neither of these exceptions applies here. Bonilla's complaint alleged violations attributable only to the conduct of named individual defendants, and thus individual liability was a prerequisite for municipal liability to arise from those allegations. Because a jury determined that none of the defendants had violated Bonilla's constitutional rights, there was no basis for it to consider municipal liability. Thus, the district court's treatment of the Monell claim manifests no error.

### 3. The Challenged Evidentiary Rulings

Bonilla challenges a number of the district court's evidentiary rulings, arguing that he is entitled to a new trial before a different judge. We review evidentiary rulings for abuse of discretion, see Meloff v. N.Y. Life Ins. Co., 240 F.3d 138, 148 (2d Cir. 2001), and we will not grant a new trial unless error affects a substantial right, see Arlio v. Lively, 474 F.3d 46, 51 (2d Cir. 2007). We identify no evidentiary error in this case.

#### a. The Department of Justice Letter

Bonilla contends that the district court erred in excluding a September 11, 2000 United States Department of Justice letter concluding that certain conditions and practices

4

at the Nassau County Correctional Center ("NCCC") were unconstitutional. While "factual findings resulting from an investigation made pursuant to authority granted by law" are not excluded by the hearsay rule "unless the sources of information or other circumstances indicate lack of trustworthiness," Fed. R. Evid. 803(8)(c), the admissibility of such evidence still depends on its relevance, see Fed. R. Evid. 401-403; see also Janetka v. Dabe, 892 F.2d 187, 191 (2d Cir. 1989) ("Before reaching the issue whether the report qualified under the public report exception to the hearsay rule, the district court properly considered its relevance." (citations omitted)).

The district court concluded that the letter was irrelevant because its general discussion of constitutional violations did not implicate the facts of this case or name any of the individual defendants. The court further concluded that the letter could not be used to impeach the testimony of the official responsible for teaching the appropriate use of force at the Nassau County Corrections Academy, as the practices and procedures taught were not discontinued or disallowed on account of any subsequent investigation. Because it was only after this witness was released that Bonilla suggested the relevancy of the letter's discussion of deficiencies in NCCC's use of force training, we identify no abuse of discretion in the district court's rejection of the argument as untimely. In any event, because the excluded evidence pertained only to the issues of qualified immunity and municipal liability, which the jury either did not reach or was not asked to consider, the exclusion of this evidence, even if error, was necessarily harmless.

### b. Ennis Hightower

Bonilla asserts that the district court erred in precluding "any evidence of the subject November 30, 1998 fight, to the extent that it involved [another prisoner named] Ennis Hightower." Appellant Br. at 34 (emphasis omitted). Contrary to Bonilla's contention, the district court did admit some evidence relating to Hightower's involvement in the November 30 incident. See Trial Tr. at 278-81, 312-22, 338-40, 386-419. Insofar as the court excluded evidence regarding Hightower's own litigation against defendants as irrelevant, we discern no abuse of discretion.

### c. Bonilla's Immigration Status

Lastly, Bonilla challenges the district court's admission of evidence relating to his immigration status. This challenge also fails. On cross-examination of Bonilla, defendants were permitted to inquire into specific instances of conduct bearing on Bonilla's "character for truthfulness or untruthfulness." Fed. R. Evid. 608(b)(1). Questions regarding Bonilla's alleged use of false papers to reenter the United States illegally clearly satisfied this standard. Any other references to Bonilla's immigration status occurred in the context of defendants' inquiry into his prior convictions, evidence of which was admissible under Federal Rule of Evidence 609. On these facts, we perceive no abuse of discretion.

### 4. Conclusion

We have considered Bonilla's remaining arguments and conclude that they are

without merit.  For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

By:_____